UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CALVIN W. KIDD, | ) No. CV 05-07204-VBK |
|           Plaintiff, | ) MEMORANDUM OPINION AND ORDER |
|   v. | ) (Social Security Case) |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) |
|           Defendant. | ) |

    This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner ("AR"). The parties have filed their pleadings and supporting memoranda, and the Commissioner has filed the certified AR. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

    Plaintiff in his first issue asserts that the ALJ failed to

properly consider the medical evidence; in particular, he asserts that the ALJ erred in rejecting the psychiatric treating opinion of Plaintiff's physician, Winn Kurumada. Plaintiff highlights "Mental Assessment" forms of April 21, 2003, September 3, 2003, and May 20, 2004 which were completed by Dr. Kurumada, and which would appear to diagnose moderate and marked limitations in critical areas of mental functioning. (See AR at 186-198.) In the ALJ's decision, Dr. Kurumada's findings were rejected, and instead, the ALJ adopted the conclusions of a consulting psychiatrist, Dr. Paculdo, who examined Plaintiff on June 12, 2003 at the request of the Department of Social Services. (AR 166-168.) Consistent with Dr. Paculdo's conclusions, the ALJ assessed that Plaintiff suffers from depression, NOS, among other impairments. (AR 15, Finding 3.)

Plaintiff asserts that the ALJ erroneously adopted Dr. Paculdo's conclusions, and argues that the ALJ's stated reason for rejecting Dr. Kurumada's conclusions (that there is no indication of any actual mental status exam performed in arriving at Dr. Kurumada's assessments), is erroneous. Plaintiff points to the treatment records of Kaiser Permanente Health Center, and asserts that, "Dr. Kurumada's treatment records are intertwined within the complete records from [Kaiser]..." (Joint Stipulation ["JS"] at 6, citing AR at 107-117, 150, 156-158, 201, 215-216, 220-221, 238.) Further, Plaintiff asserts that the report of Dr. Paculdo is stale in that it was rendered in June 2003, while Dr. Kurumada's most recent assessment was issued on May 20, 2004. For the following reasons, the Court determines that the Commissioner has the better argument.

The Court has reviewed the Kaiser Permanente records, and in particular, the records highlighted by Plaintiff which, he argues,

contain the appropriate evidence of clinical testing and assessment which support Dr. Kurumada's conclusions. The Court does not find, however, that these records contain any evidence of clinical testing or examination. For the most part, they are brief notes of telephonic contacts with Plaintiff which reflect his subjective complaints, and on some occasions, make note of adjustments in his medications. Indeed, in a "Mental Disorder Questionnaire Form" completed by Dr. Kurumada in April of 2003, he states that he has insufficient information to assess Plaintiff's social functioning, nor does he have current information to assess concentration and task completion. (See AR at 194-198, at 196.) Despite that, Dr. Kurumada purports to assess both moderate and marked limitations in several areas of "social interaction" on a "Mental Assessment" check-off form dated September 2003. (AR 190-193, at 191.) In that same form, Dr. Kurumada states that he has not seen Plaintiff since May 7, 2002, a period of 11 months prior to the completion of the form itself. (See AR at 196.) Further, most of the Kaiser Permanente records highlighted by Plaintiff do not even reflect Dr. Kurumada's participation.

The ALJ is under no obligation to accept conclusions set forth in "check-off" forms where these conclusions are unsupported by any apparent clinical testing or objective findings. See 20 C.F.R. §§404.1527(d), 416.927(d); Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005); Batson v. Commissioner of Soc. Sec., 359 F.3d 1190, 1195 (9th Cir. 2004).

Thus, the state of the record is that Dr. Kurumada made assessments as to mental functioning on a check-off form, while conceding that he had insufficient information in these very areas, and had not even seen Plaintiff for almost a year when he made these

3

1  assessments.  This, combined with the lack of any clinical testing, is
2  sufficient reason for the ALJ to have rejected Dr. Kurumada's
3  conclusions, and to instead have adopted the findings of the
4  consultative examiner, who did perform an objective examination.  The
5  lack of any objective support for Dr. Kurumada's findings, as
6  correctly articulated by the ALJ, does constitute a specific and
7  legitimate reason to reject Dr. Kurumada's conclusions.  See Lester v.
8  Chater, 81 F.3d 821, 829-830 (9th Cir. 1995).

9       For the foregoing reasons, the Court rejects Plaintiff's first
10 issue as a grounds for remand or award of benefits.

11      In his second issue, Plaintiff asserts that the ALJ erroneously
12 rejected his subjective pain complaints.  In particular, Plaintiff
13 asserts that the only rationale articulated by the ALJ in the decision
14 is that the objective medical evidence did not support the level of
15 limitation Plaintiff described. (JS at 17, citing AR 13 bis.)
16 Plaintiff does not correctly describe the extent of reasons
17 articulated in the ALJ's decision.  These reasons are set forth in a
18 single paragraph (see AR at 13 bis), and include the following
19 articulated reasons: no medically determinable impairment which would
20 reasonably be expected to produce such limitations; recommendations
21 for conservative treatment in lieu of surgery or more extreme types of
22 care; Plaintiff has not required extended periods of hospital
23 confinement, emergency room treatment, use of a TENS unit,
24 participation in a pain control clinic or other significant or
25 extensive forms of treatment commonly described for intense pain; no
26 abnormalities of gait or use of any assistive devices; no evidence of
27 diffuse atrophy or muscle wasting which are common indicators of
28 chronic pain; no credible evidence of regular usage of strong

4

1  medications to alleviate pain, and no evidence of any side effects of
2  medication. (Id.)

3  These articulated reasons go far beyond Plaintiff's assertion
4  that the ALJ relied solely on lack of objective evidence to support
5  the claimed extent of limitations. Moreover, these factors are
6  recognized as valid tests of credibility. See 20 C.F.R.
7  §404.1529(c)(3)(IV), (V), (VII). Moreover, relevant case law supports
8  application of these principles of credibility determination. See
9  Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005)(lack of treatment,
10 response to treatment); Osenbrock v. Apfel, 240 F.3d 1157, 1165-66 (9th
11 Cir. 2001)(objective evidence based on medical evaluations does not
12 support finding of significant disabling abnormality in relevant
13 areas); Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999)
14 (consideration of minimal and conservative treatment); Flaten v.
15 Secretary of Health and Human Services, 44 F.3d 1453, 1464 (9th Cir.
16 1995)(inferences drawn from general lack of medical care); Johnson v.
17 Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995)(conservative treatment).

18 The record also demonstrates that Plaintiff did take treatment
19 consistent with mild to moderate pain, such as codeine and Tylenol.
20 (AR 12, 100, 136, 147, 160, 203-208.) Plaintiff's treatment plans
21 ruled out surgery, in addition.[1]

22 //
23 //
24 //

---

[1] The Court also notes that Plaintiff simply asserts that the ALJ's decision is erroneous because it relied solely on the factor of lack of objective medical evidence. Plaintiff does not, however, argue that the objective medical evidence in fact does support the level of limitation of which he complains.

   For the foregoing reasons, the decision of the Commissioner will be affirmed. The matter will be dismissed with prejudice.

   **IT IS SO ORDERED.**

DATED:  September 12, 2006

                                        /s/
                                VICTOR B. KENTON
                                UNITED STATES MAGISTRATE JUDGE